**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GULF COAST FACILITIES MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3822** |
| **BG LNG SERVICES, LLC, ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Compel Responses to Requests for Production and Deposition of Bowe Daniels and for Fees and Costs (R. Doc. 23)**, filed by the plaintiff, Gulf Coast Facilities Management, LLC ("Gulf Coast") seeking to compel the Defendants, BG LNG Services, LLC, et al. (collectively, "BG LNG") to provide more complete responses to its Requests for Production of Documents and to compel the deposition of Bowe Daniels, an employee of BG LNG. Gulf Coast also requests attorney's fees and costs for bringing the motion. (R. Doc. 23-2, p. 4.) BG LNG opposes the motion. (R. Doc. 32.) The motion was heard with oral arguments on Wednesday, December 16, 2009.

In November 2005, Gulf Coast and BG LNG entered into an agreement ("the Agreement") by which Gulf Coast provided management services for property leased by BG LNG. (R. Doc. 1, ¶ 8.) Pursuant to the Agreement, Gulf Coast was paid 10% of the gross revenue earned by BG LNG from the rental of the property in return for providing management and consulting services. (R. Doc. 1, ¶¶

9-10.) Gulf Coast also claims that, under the Agreement, it was to be compensated for any other material benefits negotiated by Gulf Coast on BG LNG's behalf. (R. Doc. 1, ¶ 11.)

Gulf Coast claims that in the summer and early fall of 2008, it began negotiating a set of 15 year leases on behalf of BG LNG with all the existing tenants of the property and entered into negotiations with the Port to secure BG LNG's long-term strategic interests in the property. (R. Doc. 1, ¶¶ 15-16.) Gulf Coast contends that all negotiations were completed with the knowledge and consent of BG LNG. (R. Doc. 1, ¶ 17.) Gulf Coast claims that upon completion its negotiations to secure BG LNG's long-term interests in the property, BG LNG wrongfully attempted to terminate Gulf Coast and deny it remuneration for its work, in violation of the Agreement. (R. Doc. 1, ¶ 18.) Therefore, Gulf Coast brings actions for breach of contract and unjust enrichment arising out of these events. (R. Doc. 1, ¶¶ 20-29.)

### A. Requests for Production

On September 30, 2009, Gulf Coast propounded Requests for Production on BG LNG. (R. Doc. 23-4, Exh. A, p. 12.) Gulf Coast contends that it granted BG LNG an extension until November 9, 2009, to respond to the requests. (R. Doc 23-2, p. 3.) Gulf Coast further contends that it received BG LNG's written responses on November 9, 2009, but did not receive responsive documents until November 17, 2009. (R. Doc. 23-2, p. 3.) After review, Gulf Coast claims that BG LNG's responses are deficient in several ways. (R. Doc. 23-2, p. 3.)

Specifically, Gulf Coast claims that no documents were produced that were not either sent or received by Gulf Coast representatives. (R. Doc. 23-2, p. 3.) Gulf Coast contends that Requests for Production 8-15 seek documents between and among BG LNG employees and between BG LNG employees and third parties, but that BG LNG has failed to provide responses despite promising to do so. (R. Doc. 23-2, p. 3.) Gulf Coast further contends that BG LNG did not produce any documents

2

dated after January 2009 despite the fact that Gulf Coast was not terminated until March 2009. (R. Doc. 23-2, p. 3.) Gulf Coast contends that BG LNG is obligated to provide responses under Federal Rule of Civil Procedure ("Rule") 37 and requests attorney's fees and costs in bringing the motion. (R. Doc. 23-2, pp. 3-4.)

In response, BG LNG contends that it has produced over 2,400 pages of responsive documents, including documents responsive to Requests for Production 8-15. (R. Doc. 32, pp. 2-3.) BG LNG then lists and attaches specific documents responsive to Requests for Production 8-15. (R. Doc. 32, p. 3; Exh. C.) BG LNG further contends that because Gulf Coast was involved in lease negotiations and property management, most of the communications were contemporaneously produced to Gulf Coast when they were sent. (R. Doc. 32, p. 4.) BG LNG argues that to the extent it did not produce internal communications to Gulf Coast, those communications are privileged and that it has already submitted a privilege log to Gulf Coast. (R. Doc. 32, p. 5.) Finally, BG LNG contends that Gulf Coast's Requests for Production 8-15 are objectionable on the grounds that they are overly broad, unduly burdensome, and seek irrelevant information.

### B. Deposition of Bowe Daniels

Gulf Coast also seeks to depose Bowe Daniels, an attorney for BG LNG, who Gulf Coast claims was its principal contact at BG LNG, negotiated the initial agreement between Gulf Coast and BG LNG, and supervised and coordinated much of Gulf Coast's work. (R. Doc. 23-2, p. 4.) Gulf Coast claims that BG LNG has refused to produce Daniels for a deposition on the grounds that its communications with Daniels are privileged under Article 508 of the Louisiana Code of Evidence.[1]

---

[1]Article 508 states:

A. General rule. Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to

3

(R. Doc. 23-2, p. 4.) However, Gulf Coast argues that Article 508 is a procedural hurdle imposed by Louisiana law to which this Court is not bound. (R. Doc. 23-2, p. 5.) Gulf Coast contends that the applicable privileges are work product and attorney-client privileges, which do not preclude Daniels from appearing for a deposition. (R. Doc. 23-2, p. 6.) Although Gulf Coast contends that the procedural requirements outlined in Article 508 do not apply to this case, it further argues that it meets the requirements under Article 508. (R. Doc. 23-2, pp. 6-7.)

In response, BG LNG argues that Article 508 does apply to this case and that Gulf Coast must satisfy the substantive legal elements of Article 508 before it can compel Daniels's deposition. (R. Doc. 32, p. 6.) BG LNG contends that Federal Rule of Evidence 501 provides that in diversity cases based on state law, issues concerning the attorney-client privilege are governed by state law. (R. Doc. 32, p. 6.) BG LNG contends that Article 508 therefore applies and that it imposes substantive and procedural requirements on Gulf Coast before it can depose Daniels. (R. Doc. 32, p. 7.) BG LNG states that Article 508 specifically imposes the substantive requirements that the party seeking to depose the attorney need to show that it has "no practicable alternative means of obtaining the

---

ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:

(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.

(2) The purpose of seeking the information is not to harass the attorney or his client.

(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.

(4) There is no practicable alternative means of obtaining the information.

La. Code Evid. Ann. art. 508 (2006).

4

information" and that the "information sought is essential to the successful completion of an ongoing investigation." La. Code Evid. Ann. art. 508 (2006); *see also* R. Doc. 32, p. 7.

BG LNG further points out that Gulf Coast failed to cite any cases in which a court has held that article 508 does not apply in Federal Court. (R. Doc. 32, p. 9.) However, BG LNG was able to find a case in which the Court has applied Article 508. (R. Doc. 32, p. 9 (citing *Tristem Ltd. v. The City of New Orleans*, No. 03-2882 (Barbier, J.) (granting defendant's motion to quash subpoenas of its attorneys because the plaintiff failed to make a "requisite showing of extraordinary circumstances under Louisiana Code of Evidence article 508 to compel testimony of opposing counsel.") (attached as Exh. D.) BG LNG contends that the case law supports its contention that Article 508 is substantive and that therefore, the Court should reject Gulf Coast's contention that Article 508 does not apply to Daniels deposition. (R. Doc. 32, p. 10.)

Applying the requirements of Article 508, BG LNG claims that Gulf Coast has not satisfied the requirements to depose Daniels. (R. Doc. 32, p. 11.) First, it contends that Gulf Coast has not established that the information sought from Daniels is essential. (R. Doc. 32, p. 11.) Second, it contends that Gulf Coast has not established that the information is not available through other means. (R. Doc. 32, p. 11.) Therefore, BG LNG contends that Gulf Coast's motion to compel should be denied as to the deposition of Bowe Daniels. (R. Doc. 32, p. 11.) BG LNG further contends that Gulf Coast's requests for attorney's fees is not warranted and asks that the Court instead award it attorney's fees and costs incurred in opposing the motion. (R. Doc. 32, pp. 11-12.)

At the hearing, the parties first argued the issues regarding Gulf Coast's written discovery. Counsel for Gulf Coast stated that it was particularly concerned with BG LNG's lack of responses to Requests for Production 12-15. Counsel for BG LNG indicated that it was producing all relevant non-privileged documents responsive to the requests. Counsel for BG LNG further stated that he had

produced a privilege log regarding allegedly privileged documents. Counsel for BG LNG indicated that he was going to produce all relevant non-privileged emails related to the creation of the subleases at issue.

The Court ordered BG LNG to produce responses correlated to individual discovery requests and bates stamped so that the Court could determine what answers or documents were missing to each Request for Production. Counsel for BG LNG argued that under the federal rules, a party is entitled to produce the documents as they are kept and that there are over 50,000 documents being produced in this case. The Court stated that to resolve the discovery dispute before it, the Court required Bates stamped responses correlated to individual discovery requests. The Court granted BG LNG three weeks to supplement its responses to Gulf Coast's discovery requests as stated in this Order.

As to the Deposition of Bowe Daniels, BG LNG's in house counsel, Gulf Coast stated that the deposition of Daniels is necessary because he was BG LNG's representative in the contract negotiations and oral agreement made between the parties. Counsel for Gulf Coast admitted that she had not provided a notice of deposition to BG LNG or Mr. Daniels. The Court ordered Gulf Coast to provide the Court with a list of questions, for *in camera* review, that Gulf Coast planned to ask Daniels at the deposition.

Gulf Coast filed a **Motion and Incorporated Memorandum for Leave to File Supplemental Memorandum in Support of Motion to Compel the Deposition of Bowe Daniels (R. Doc. 44)** which provided a list of topics it seeks to address in the deposition of Bowe Daniels. However, despite the Court's instruction at the hearing that Gulf Coast provide a list of questions, Gulf Coast provided no such list. In light of Gulf Coast's failure to comply with the Court's express directive, the Court lacks sufficient information to render a decision on this issue. Under Local Rule 7.4, parties are responsible for providing the Court with sufficient information to render a decision. Here, Gulf Coast

has failed to provide sufficient information, despite the Court's request, and therefore its motion to compel is denied as to the deposition of Bowe Daniels.

Accordingly,

**IT IS ORDERED** that Gulf Coast's **Motion to Compel Responses to Requests for Production and Deposition of Bowe Daniels and for Fees and Costs (R. Doc. 23)** is hereby **GRANTED IN PART** and **DENIED IN PART**.

- **IT IS GRANTED** insofar as Gulf Coast seeks supplemental responses to is Requests for Production, as stated in this Order.

- **IT IS DENIED** insofar as Gulf Coast seeks to depose Bowe Daniels and as to Gulf Coast's request for attorney's fees and costs.

**IT IS FURTHER ORDERED** that if BG LNG has not already done so, that it provide supplemental responses to Gulf Coast's discovery requests, as stated in this Order, **no later than seven (7) days** from the signing of this Order.

New Orleans, Louisiana, this 15th day of January 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**