# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GULF COAST FACILITIES MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3822** |
| **BG LNG SERVICES, LLC, ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees and Costs (R. Doc. 159)** filed by Plaintiff, Gulf Coast Facilities Management, LLC ("Gulf Coast") in compliance with the Court's March 19, 2010, Order (R. Doc. 141) granting in part and denying in part Gulf Coast's Motion to Compel (R. Doc. 52). The Defendants, BG LNG Services, LLC, et al. (collectively, "BG") filed a response, opposing the motion. The motion was heard on the briefs.

### I.  Background

On December 3, 2009, Gulf Coast filed a Motion to Compel (R. Doc. 23) seeking supplemental responses to its discovery requests from the defendants. Gulf Coast's Motion to Compel was heard on December 16, 2009, and the Court ordered BG to supplement its responses to Gulf Coast's discovery requests. (R. Doc. 53, p. 7.) On January 15, 2010, Gulf Coast filed another Motion to Compel (R. Doc. 52) claiming that BG was improperly withholding documents under the claim of privilege and that the privilege log provided by BG was facially deficient.

After a preliminary review of BG's privilege log, the Court found that the log was, in fact, facially deficient and ordered BG to provide a supplemental privilege log that complied with Rule 26(b)(5). (R. Doc. 55, p. 2.)

The Court also set the matter for hearing with oral arguments on January 27, 2010. (R. Doc. 55, p. 1.) At the hearing, the Court ordered certain documents listed in BG's privilege log to be produced based on the representations made by BG. (R. Doc. 79, p. 3.) The Court ordered *in camera* production of the remainder of the documents listed in BG's privilege log and indicated that Gulf Coast would be granted attorney's fees and costs if a majority of the documents listed in the privilege log were not privileged. (R. Doc. 141, p. 11.)

In a series of rolling Orders (R. Docs. 79, 110, 136, 141) the Court found that the number of documents that were improperly designated as privileged in BG's privilege log far outnumbered the documents that were correctly designated as privileged. The Undersigned's order of February 18, 2010, was reversed with respect to only thirteen documents out of 1706 pages.

BG suggests that attorneys' fees should not be awarded because Gulf Coast made no attempt to amicably resolve the issues raised in its Motion to Compel. (R. Doc. 160, p. 6.) However, the Court is not persuaded by this attempt reconsider the appropriateness of the award of attorneys fees in this case. BG previously raised this issue in response to Gulf Coast's motion to compel. (R. Doc. 63, p. 5.) Furthermore, BG alluded to this issue at the January 27, 2010, hearing on Gulf Coast's motion to compel, stating that it had attempted to discuss the issues regarding the privilege log with Gulf Coast to no avail. However, Gulf Coast argued that it had attempted to amicably resolve the issue, but that the privilege log was so deficient that it could not even assess the validity of BG's assertions of privilege.

The Court has already had the opportunity to entertain this issue in Gulf Coast's previously submitted motion to compel (R. Doc. 52). The Court did not find BG's argument that no 37.1 conference occurred persuasive at the January 27, 2010, hearing and does not now find the argument persuasive. Based on the arguments of the parties and the facts before the Court, the deficiencies

in BG's privilege log necessitated the Court's intervention on this issue.

Further, the court provided Gulf Coast an opportunity to reconsider the privilege log it submitted and the appropriateness of the objections it raised regarding the documentation when it ordered that the originally submitted log was inadequate. As a result, the Court required BG to review its log such that it had the opportunity to remove the inappropriate objections to the documents contained in its log. BG did not remove any of its objections and only made minor revisions to its privilege log. Even after receiving the revised log on January 25, 2010, the Court was required to review 1706 pages of documents *in camera* because of the difficulty associated with determining the basis of the objections asserted by BG. (R. Doc. 79.)

After reviewing each document individually and finding that objections were improvidently asserted to a substantial majority of the documents, the Court found that an assessment of attorneys fees was appropriate in bringing its Motion to Compel. (R. Doc. 141, p. 14.) The Court again rejects the assertion that the award of fees is not warranted. The reason that fees were assessed in this matter is because BG incorrectly asserted privilege to well over half the documents listed in its privilege log. BG's arguments regarding Rule 37.1 are without merit, as neither its original nor its revised privilege log provided sufficient information for Gulf Coast or the Court to assess the validity of the privilege asserted.

The remaining issue for the Court to resolve is whether Gulf Coast is entitled to recover $12,073.75[1] in attorneys' fees and $517.03 in costs for bringing its motion to compel. (R. Doc. 159, p. 3.) BG opposes the motion in every respect, as further detailed in this opinion. (R. Doc. 160.)

---

[1] Gulf Coast voluntarily reduced the attorney's fees sought from $13,536.25 (R. Doc. 159-2, Exh. 1) to $12,073.75 (R. Doc. 167-1, Exh. A).

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley*, 461 U.S. at 433.

> The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, i.e., it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.

*Spectrum Commc'n Specialists, LLC v. KMJ Servs., Inc.*, No. 09-159, 2010 WL 925299, at *1 (E.D. La. Mar. 9, 2010) (Knowles, J.) (internal citations omitted).

The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

## II. Analysis

### A. Calculating a Reasonable Hourly Rate

Gulf Coast's fee application seeks to recover fees for services rendered in connection with an earlier filed Motion to Compel. Gulf Coast seeks to recover attorneys' fees for four attorneys (two partners and two associates) and one paralegal. (R. Doc. 159-2, p. 3.) Gulf Coast also seeks to recover research costs incurred in the filing of its motion to compel and supplemental memorandum. (R. Doc. 159-2, p. 3.) Initially, Gulf Coast supplied only one affidavit of the listed attorneys and biographies of the other three attorneys. (R. Doc. 159-2, Exh. A & Exh. 2.) After the Court issued an Order instructing Gulf Coast to submit affidavits for each attorney listed in its fee application (R. Doc. 165), Gulf Coast provided a supplemental memorandum with attached affidavits for each attorney attesting to their skills and experience. (R. Doc. 167-1, Exhs. B-E.)

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity

5

of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

> When an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable.

*La. Power & Light*, 50 F.3d at 328.

### 1. <u>Gladstone N. Jones, III</u>

In compliance with the Court's instruction, the movers submitted the affidavits of Gladstone Jones and others in which they attest to their education background skills and experience. Jones indicates that he is a partner with the firm of Jones, Swanson, Huddell & Garrison, LLC. (R. Doc. 167-1, Exh. B, ¶ 1.) He indicates that he obtained his J.D. from Tulane Law School in 1992 after obtaining a B.A. Degree from Mississippi State University in 1987. (R. Doc. 167-1, Exh. B, ¶ 4.) He was admitted to the Louisiana Bar in 1992 and is a founding member of the law firm Smith, Jones & Fawer which is now known as Jones, Swanson, Huddell & Garrison, LLC. (R. Doc. 167-1, Exh. B, ¶¶ 5-6.) He states that he has routinely represented business clients in significant disputes and environmental disputes. (R. Doc. 167-1, Exh. B, ¶ 7.) He attests that the rates he charges in this matter are consistent with the rates he charges in other matters. (R. Doc. 167-1.)

In response, BG claims that according to the Louisiana State Bar Association ("LSBA") database, Jones was admitted to practice law in Louisiana in October of 1993, and therefore has only a little over 17 years of experience. (R. Doc. 160, p. 13.) BG further claims that a rate of $575.00

per hour is not a reasonable rate for an attorney of Jones's skills and experience. (R. Doc. 160, p. 13.)

In support of the application, Jones Swanson indicates that its rates are reasonable because (1) the rates are what he charges for engagements on an hourly basis and (2) James M. Garner of Sher Garner Cahill Richter Klein & Hilbert, LLC opines that the Jones Swanson rates are customary for commercial litigation matters in this geographic region given the expertise of the plaintiff's counsel. ( R. Doc. 159-2, Exh. B.)

In considering the application, the Court first notes that Mr. Garner states that in his opinion, as a practicing attorney with 21 years experience in this geographic area, the rates charged by Jones Swanson were reasonable. (R. Doc. 159-2, Exh. B, ¶ 4.) However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15. Mr. Garner fails to cite to rates his firm charges in commercial litigation matters or any cases to support his position that Jones Swanson's fees are reasonable. The Court therefore finds that Jones Swanson has failed to submit competent evidence that the rates charged by his firm are reasonable. However, that does not end the Court's inquiry on the subject.

The Court may also determine that the rates charged by a firm are reasonable by conducting a survey of the rates charged in the jurisdiction in commercial litigation matters. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). In *Belfor USA Group, Inc. V. Bellmeade Partners, LLC*, No. 09-0158, 2010 WL 630009 (E.D. La. Feb. 19, 2010) (Engelhardt, J.), Ann Wittmann's rate of $210.00 was deemed reasonable given her 20 years of experience, Steven Griffith's rate of $250.00 was deemed reasonable given his 10 years of experience, and Kathlyn Perez's rate of $180.00 was deemed reasonable given her 4 years of experience. *Belfor USA Group, Inc.*, 2010 WL 630009, at *3; *see also Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279,

7

285 (E.D. La. 2008) (Roby, J.) (awarding $ 175.00 an hour to a lawyer who had practiced law for five (5) years and $ 200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 454791, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J.) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience); *Epic Invs., Inc. v. Omni Marine Servs., Inc.*, No. 07-7154, 2009 WL 4930577, at *2 (E.D. La. Dec. 15, 2009) (Roby, J.) (finding commercial litigation attorney's rate of $235.00 unreasonable given his five years of experience); *Johnson v. Big Lots Stores, Inc*., 639 F. Supp. 2d 696, 701-02 (E.D. La. 2009) (Vance, J.) (awarding $300 per hour for partners, $225 per hour for associates, and $75 per hour for a paralegal).

In considering the rates approved in other commercial matters involving lawyers in the area, the Court finds that Mr. Jones's rate of $575.00 regarding the subject matter is not reasonable. The court notes that, for purposes of conducting discovery, a rate of $300.00 given his years of experience and the nature of the issues presented to the Court is reasonable.

### 2. Lynn E. Swanson

Gulf Coast submitted the affidavit of Lynn E. Swanson in which she attests that her reasonable hourly rate is $475.00. (R. Doc. 167-1.) Swanson is a partner with the firm of Jones, Swanson, Huddell & Garrison, LLC ("Jones Swanson"). (R. Doc. 167-1, Exh. C, ¶ 1.) Swanson states that she obtained her J.D. degree from Loyola Law School in 1993 after obtaining her B.A. degree from Bryn Mawr College in Pennsylvania in 1990. (R. Doc. 167-1, Exh. C, ¶ 5.) She claims she was admitted to the Louisiana Bar in 1993 and indicates that she worked for Jones, Verras & Freiberg, L.L. C., in pharmaceutical and medical device litigation. (R. Doc. 167-1, Exh. C, ¶¶ 6-7.)

Swanson has participated in large business disputes while at Jones Swanson, including trying a Racketeering, Influenced and Corrupt Organizations ("RICO") Act case to successful verdict in 2007. (R. Doc. 167-1, Exh. C, ¶ 8.) Swanson indicates that the rates charged for her work in the subject matter are consistent with her rates charged in other matters. (R. Doc. 167-1, Exh. C, ¶ 11.)

BG opposes the proposed rate of $475 sought by Swanson noting that Gulf Coast failed to submit any evidence that any client of their firm actually ever paid the hourly rate of $475 to Swanson. (R. Doc. 160, p. 14.) BG further points out that in recent decisions the rates deemed reasonable by the Court in the current market are significantly lower than the rates currently being sought. (R. Doc. 160, p. 14.) BG further suggests that the rate of $200-$210 would be reasonable for Lynn Swanson. (R. Doc. 160, p. 14.)

The Court, in considering the rates charged by Swanson, finds that for purposes of discovery the rate of $475 is not reasonable. For the reasons assigned above, the Court finds that a rate of $300 is reasonable for Swanson for the work performed in connection with this discovery motion.

### 3. Catherine E. Lasky

Catherine Lasky states that she obtained a J.D. degree *cum laude* from Georgetown University Law Center in 2002 after obtaining an A.B. degree *magna cum laude* from Cornell University in 1998. (R. Doc. 167-1, Exh. D, ¶ 5.) She was admitted to the Louisiana Bar in 2003 and worked for five years at Phelps Dunbar LLP where her practice focused on commercial litigation and bankruptcy related litigation, including the prosecution of breach of fiduciary duty cases against former officers and directors of a large regional grocery chain. (R. Doc. 167-1, Exh. D, ¶ 7.) Lasky attests that she joined Jones Swanson in 2008 and is admitted in all Louisiana state and federal courts. (R. Doc. 167-1, Exh. D, ¶¶ 8, 16.)

BG opposes the proposed rate of $390 Lasky submitted as reasonable, noting that she had only been practicing for six years and three months at the time the motion to compel was filed. (R. Doc. 160, p. 12.) According to BG, Lasky's request to be paid at a rate of $390 should be denied because she failed to present any evidence that the rate she seeks to be paid for work on the motion to Compel is a rate that she was previously paid by a client. (R. Doc. 160, p. 12.) Further, Gulf Coast alleges that a reasonable market rate for Lasky's experience is between $180-185 per hour. (R. Doc. 160, p. 12.)

In *Lytal Enters., Inc. v. Newfield Exploration Co.*, No. 06-33, 2006 WL 3366128 (E.D. La. Nov. 17, 2006) (Wilkinson, J.), Magistrate Judge Wilkinson found that $175 per hour was a reasonable rate for a senior associate in the local market. *Lytal Enters., Inc.*, 2006 WL 3366128, at *7. Furthermore, this Court has reduced hourly rates of an attorney with seven (7) years of legal experience to $175 an hour, and an attorney with eleven (11) years of legal experience to $200 an hour, where the rates were contested. *See Drs. Le and Mui, Family Med. v. St. Paul Travelers*, 2007 WL 4547491, at *2-3; *see also Marks v. Standard Fire Ins. Co.*, No. 09-1947, 2010 WL 487403, at *2 (E.D. La. Feb. 3, 2010) (Roby, J.) (holding that $285 per hour was excessive for an attorney with seven years of experience and that $185 was appropriate). Considering the weight of authority regarding an attorney with 6-7 years of experience, the Court finds that the Ms. Lasky's proposed rate of $390 is excessive for a motion to compel and that a rate of $180 is reasonable under the circumstances.

### 4. **Jacqueline A. Stump**

Jacqueline Stump alleges that she seeks a reasonable rate of $390.00 as an associate of Jones Swanson, Huddell & Garrison, LLC. (R. Doc. 167-1, Exh. E.) She indicates that she works in the commercial law and environmental law section. (R. Doc. 167-1, Exh. E, ¶ 8.) She is a 2005

graduate of Louisiana State University where she obtained a B.S. (R. Doc. 167-1, Exh. E, ¶ 5.) She also obtained a J.D. from Louisiana State University in 2008. (R. Doc. 167-1, Exh. E, ¶ 5.) Stump indicates that the rates she charges for her work in this matter are consistent with the rates she charged for work in other matters. (R. Doc. 167-1, Exh. E, ¶ 10.) She is currently admitted in all state courts of Louisiana. ( R. Doc. 167-1, Exh. E, ¶ 12.)

BG opposes the suggested rate of Ms. Stump noting that she has only been practicing law for one year and three months. (R. Doc. 160, p. 11.) According to BG, a reasonable rate for an associate with her level of experience is $135. (R. Doc. 160, p. 11 (citing *Daggs v. Lexington Ins. Co.,* No. 07-7991, 2009 WL 5171392, at *8 ( E.D. La. Dec. 17, 2009)( Roby, J.) (holding that $170 per hour was excessive for a lawyer with two years experience and that $140.00 per hour was reasonable); *Evans v. Auto Club Family Ins. Co.,* No. 09-2022, 2010 WL 55915, at *3 (E.D. La. Jan. 4, 2010) (Roby, J.) ($135 was reasonable hourly rate for attorney with one year of experience)). Considering the market rate in this legal market, the Court finds that a reasonable rate for the services of Ms. Stump is $135.

### 5. Katie Walston

Gulf Coast seeks to recover what it suggests is a reasonable rate of $125.00 for Katie Walston's hours worked on this file. The court notes that Gulf Coast failed to attach her affidavit which would provide some guidance regarding the rate she seeks to recover for work she performed on the file. The Court is aware only that Ms. Walston is a paralegal with ten (10) years of experience.

BG opposes the proposed rate of Ms. Walston, noting that she failed to provide any proof that her proposed rate of $125 is reasonable. (R. Doc. 160, p. 14.) BG further indicates that a reasonable rate for a paralegal in this market is $65.00 per hour. (R. Doc. 160, p. 14 (citing *Wells*

*v. Regency Hospital Co.,* No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec. 15, 2008) (Roby, J.)( holding that $115 per hour was excessive rate for paralegal's time on motion to compel and that $65 per hour was an appropriate rate)). Further, the case law in this area indicates that a rate between $55.00 and $65.00 per hour is reasonable for a paralegal who typically has less experience than a summer law clerk. *Yousuf v. UHS of De la Ronde, Inc.,* 110 F. Supp. 2d 482, 491 (E.D. La. 1999) (holding that $55.00 per hour granted for services of paralegal); *Chevron U.S.A., Inc. v. Aker Maritime Inc.*, No. 03-2027, 2008 WL 594650, at *9 (E.D. La. Jan. 2, 2008) (awarding $65.62 per hour for paralegal services). As a result, the Court finds that the rate of $65 per hour is reasonable for the services provided by Katie Walston.

### B.      Determining the Reasonable Hours Expended

#### 1.      Gladstone Jones

Gulf Coast indicates that Jones spent two (2) hours in preparing for and attending the hearing on the Motion to Compel. (R. Doc. 159-2, p 3.) BG opposes the two (2) hours sought by Jones on the grounds that the hours sought by Mr. Jones were duplicative of the work performed by Ms. Swanson, i.e., preparing for and attending the hearing on Gulf Coast's motion to compel. BG cites *Drs. Le and Mui, Family Med., v. St. Paul Travelers,* 2007 WL 4547491, at *2-3, for the proposition that when a party chooses multiple attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicative work among the attorneys. In reviewing the bill time submitted by all of the attorneys on the file, the Court notes that Ms. Swanson performed the lion's share of the work in responding to the motion to compel and that she also took the lead in the hearing on Gulf Coast's motion to compel. As a result, the time billed by Jones is disallowed as it is duplicative and should not be born by the opposing party.

## 2. Lynn E. Swanson

Swanson seeks to recover for four (4) hours[3] of work billed to the subject file. According to the time sheet, she drafted a supplemental memorandum in support of the Motion to Compel Production of Documents (R. Doc. 75) listed on the privilege log. (R. 167-1, Exh. A, p. 1.) The supplemental memorandum in support of the Motion to Compel was nine (9) pages long and substantially addressed the waiver of privilege issue. (*See* R. Doc. 75.)

According to BG, the hours billed for the preparation of the supplemental memorandum were excessive because (1) the memorandum is only devoted to one paragraph to repeating a previously briefed discussion of the adequacy of the privilege log and (2) devoted the remainder of the 9 pages on the meritless argument that BG waived its privilege. (R. Doc. 160, p. 15.) BG argues that Swanson spent 4 hours drafting the Supplemental Memorandum advancing the waiver argument that was not supported by legal authority and was rejected by the Court. (R. Doc. 160, p. 15.) BG also points out that in addition to the 4 hours spent by Swanson on the supplemental memorandum, Ms. Stump spent 3.25 hours researching cases for the supplemental memorandum. (R. Doc. 160, p. 15.) BG argues that spending 7.25 hours of attorney time on one supplemental memorandum full of meritless arguments is not reasonable and should be reduced. Gulf Coast voluntarily reduced Stump's time on the memorandum from 3.25 to 3 hours. (R. Doc. 167-1, Exh. A., p. 1.) Therefore, Gulf Coast now claims 7 hours of work for the memorandum.

Gulf Coast contends that BG should not be permitted to question the hours of Swanson. (R. Doc. 164, p. 2.) Gulf Coast points out that BG is attempting to second guess the strategic decisions

---

[3]Swanson's billing entries indicate that she completed 6.5 hours worth of work related to the motion to compel: 4 hours for drafting a supplemental memo in support of the motion to compel, .5 hours to confer with Lasky and Mr. Bartlett about hearing for motion to compel, and 2 hours for preparing for and attending the hearing on the motion to compel. (R. Doc. 167-1, Exh. A.) However, in an apparent show of billing judgment, Swanson is only seeking fees for four (4) hours of work. (R. Doc. 159-2, p. 3.)

13

made and therefore disallow the hours. (R. Doc. 164, p. 2.) Gulf Coast argues that plaintiff's attorneys are obligated to represent their clients zealously and that the court should not second guess every unsuccessful strategic decision of plaintiff's counsel during this litigation. (R. Doc. 164, p. 2 (citing *White v. Imperial Adjustment Corp.,* No. Civ.A. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005) (Engelhardt, J.)); *see also Wells Fargo Bank, N.A. v. Jones*, No. 07-3599, 2009 WL 911011, (E.D. La. Mar. 31, 2009) (Berrigan, J.) (holding that plaintiff-appellee was entitled to recover for costs associated with its sur-reply brief despite defendant-appellant's argument that the brief was unnecessary). This Court finds that plaintiffs are entitled to recovery for time that went into preparing the supplemental memorandum. Therefore, the Court finds that Swanson's four (4) hours billed in relation to the motion to compel is granted.

### 3. Catherine Lasky

Lasky indicates that she spent 8.5 (reduced from 8.75) hours working on the Motion to Compel. (R. Doc. 159-2, p. 3.) Initially, Ms. Lasky's time sheet indicated that she engaged in block billing. (R. Doc. 159-2, Exh. 1.) However, at the request of the Court, Jones Swanson submitted a revised billing summary (R. Doc. 167-1, Exh. A) which broke down Lasky's billing entries and also reduced her total billing hours from 8.75 to 8.5. Her hours breakdown as follows: 6.75 hours drafting and revising the motion to compel, .5 hours in a conference with Stump, Swanson, and Walston regarding the motion to compel, .5 hours drafting the motion to expedite, and .75 hours drafting the post-hearing memorandum. (R. Doc. 167-1, Exh. A.) The Court finds that the revised billing entries are sufficient to alleviate the block billing issues raised by BG and that the hours sought by Lasky are reasonable for her work related to the motion to compel.

### 4. Jacqueline Stump

Stump is an associate with the Jones Swanson. According to the submission, she spent 9.75

(reduced from 13.25) hours working on the motion to compel. Like Lasky, Stump initially engaged in block billing. However, at the request of the Court, Stump also submitted a revised billing summary (R. Doc. 167-1, Exh. A) reducing her hours to 9.75 and breaking the billing entries up. Stump's time breaks down as follows: 4.75 hours spent drafting part of the motion to compel, 2 hours spent researching attorney-client privilege, and 3 hours spent researching attorney-client privilege waiver for supplemental memorandum. (R. Doc. 167-1, Exh. A.) In light of Stump's reduction of her hours billed, the Court finds that Stump has shown billing judgment. Furthermore, the Court finds that Jones Swanson's revised time sheet (R. Doc. 167-1, Exh. A) is sufficient to alleviate BG's concerns regarding block billing. The Court finds that 9.75 hours is reasonable for Stump's time spent regarding Gulf Coast's motion to compel.

5. **Katie Walston**

Walston is a paralegal with the firm and the time records indicate that spent 3.75 hours total working on the motion to compel. (R. Doc. 159-2, p. 3.) Ms. Walston prepared documents that were to be used at the hearing on the motion to compel production. Walston submitted a revised billing entry which indicates that she performed 5.75 hours of work related to the motion to compel and further breaks down her time entries (R. Doc. 167-1, Exh. A). Her billing entries are as follows: 1 hour to review the privilege log for deficiencies, 1 hour for preparation and filing of exhibits an motion, 1.75 hours reviewing privilege log for deficiencies, 1.25 hours for preparation of documents used at the hearing, and .75 hours to finalize and file post-hearing memorandum. Although Walston spent 5.75 hours of work regarding the motion to compel, in an apparent show of billing judgment, she only billed for 3.75 hours of work. (R. Doc. 159-2, p. 3.) The Court finds that the revised billing entries sufficiently respond to BG's criticism regarding block billing and that the hours sought by Walston are reasonable.

15

| Name | Reasonable Billing Rate | Reasonable Hours | Reasonable Attorneys Fee |
|---|---|---|---|
| Gladstone Jones | $300.00 | 0 | 0 |
| Lynn Swanson | $300.00 | 4.0 | $1200.00 |
| Catherine Lasky | $180.00 | 8.5 | $1530.00 |
| Jacqueline Stump | $135.00 | 9.75 | $1316.25 |
| Katie Walston | $65.00 | 3.75 | $243.75 |
| Total Reasonable Attorneys Fee | | | $4290.00 |

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### D. Costs

Pursuant to the Court's order, the mover is entitled to recover the costs associated with this motion, which total $517.03. However BG challenges the request for the recovery of research charges, which does not explain how the charges were incurred. (R. Doc. 160, pp. 22-23.) The

research charges sought for January 14-15, 2010[4] total $209.61 and Gulf Coast also seeks $307.42 for research charges incurred January 26-28, 2010. Gulf Coast points out that the costs that it seeks to recover are appropriately documented by the submitted billing sheet. Additionally, Gulf Coast supplemented its documentation of its research costs by submitting invoices from Westlaw. (R. Doc. 164-1.) The Court finds that this documentation is sufficient. Therefore, Gulf Coast is awaraded costs of $517.03, the reasonable costs associated with the subject motion.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Gulf Coast's **Motion to Award Attorney's Fees and Costs (R. Doc. 31)** is hereby **GRANTED**. The Court finds that a total fee of $4290.00 is reasonable and the costs of $517.03 are reasonable for a total award of $4, 807.03

**IT IS FURTHER ORDERED** that BG shall satisfy its obligation to Gulf Coast no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 12th day of July 2010.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[4] According to the billing sheet Ms. Stump conducted the research on the January 15 and 28, 2010. Considering the actual Westlaw invoice and time billed for research, the Court notes that the documentation is sufficient. (*See* R. Doc. 167-1, Exh. A, p. 2 & R. Doc. 164-1.)