UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GULF COAST FACILITIES MANAGEMENT, L.L.C. | * | CIVIL ACTION |
| versus | * | NO. 09-3822 |
| BG LNG SERVICES, L.L.C., BG NORTH AMERICA, L.L.C., and BG EXPLORATION AMERICA, INC. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to certify this Court's August 2nd Order for immediate appeal pursuant to 28 U.S.C. § 1292(b), or in the alternative, as final pursuant to Rule 54(b) and to stay further proceedings. For the reasons that follow, the plaintiff's motion is DENIED.

Background

This breach of contract action arises out of an oral property management agreement in which Gulf Coast Facilities Management, L.L.C. contends that BG breached its obligation to pay 10 percent of all revenue and material benefits that Gulf Coast facilitated for BG after BG fired it. The facts of this case are more completely set forth in this Court's August 2, 2010 Order & Reasons in which the Court denied the plaintiff's motion for partial summary judgment and granted the defendant's motion for summary judgment, dismissing the plaintiff's claims to recover commission

for work it performed for the defendants. As the Court noted, only two issues remain for trial on October 4, 2010: (1) the amount of compensation Gulf Coast received under its illegal contract to provide real estate services; and (2) whether Gulf Coast has any defense to repayment pursuant to Louisiana Civil Code article 2055.

The plaintiff now requests that the Court certify its August 2, 2010 Order for immediate appeal or (alternatively) as final, and further requests that the Court stay these proceedings pending appeal.

I.

A. 28 U.S.C. § 1292(b)

The certification of interlocutory orders for appeal is governed by 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

To certify an issue for interlocutory appeal, the appealable issue must involve: (1) a controlling issue of law; (2) a substantial ground for a difference of opinion; and (3) a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation. See Aparicio v. Swan Lake, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).

Interlocutory appeals are "exceptional," the Fifth Circuit cautions, and "assuredly do not lie simply to determine the correctness" of a ruling. Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co., 702 F.2d 67, 67-69 (5th Cir. 1983); see also Tolson v. United States, 732 F.2d 998, 1002 (D.C. Cir. 1984) (citing Wright & Miller for the proposition that Section 1292(b) "is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals").

The issue presented is whether the Louisiana Real Estate License Law bars Gulf Coast's recovery of commissions because Gulf Coast did not have a real estate license. This is a question of law. To be a *controlling* question of law, courts require that it have "some impact on the course of the litigation." Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). Assuming, without deciding, that the issue presented is a controlling one, the Court finds that the plaintiff fails to show a substantial ground for difference of opinion and, thus, certification of the issue for interlocutory appeal is unwarranted.

Courts have held that a substantial ground for difference of opinion exists where

> "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first

> impression are presented." But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.

Ryan, 444 F. Supp. 2d at 723-24 (quoting 4 Am. Jur. 2d Appellate Review § 128 (2005)). In its August 2, 2010 Order, this Court relied on the text of the real estate licensing law to conclude that Gulf Coast was statutorily barred from claiming compensation for its services. While the Fifth Circuit has not taken up the issue of whether Louisiana bars an unlicensed person from recovering commissions for real estate work, this Court noted that Louisiana state court cases have held as such. See Schexnayder v. Gish, 948 So.2d 1259 (La.App. 2 Cir. 2007); Towne Center, Ltd. v. Keyworth, 618 So.2d 467 (La. App. 4 Cir. 1993); Rainey v. Riley, 388 So. 2d 110 (La. App. 1 Cir. 1980); Brumfield v. Brumfield, 450 So.2d 1019 (La. App. 1 Cir. 1984). On the other hand, Gulf Coast cited no case law in support of its position that unlicensed persons may recover commission for real estate activity, or that other courts have reached a different result, such that the Court could conclude that there is a substantial ground for difference of opinion.

Having found that the plaintiff has failed to establish that substantial grounds for disagreement with this Court's determination, the Court need not determine whether immediate appeal would advance the termination of the litigation. However,

4

the Court notes its agreement with the defendants that -- even if the Fifth Circuit reversed this Court's August 2nd summary judgment and determined that the real estate license law does not bar Gulf Coast from recovering commissions -- the evidence that would be submitted in support of Gulf Coast's claim would not be duplicative of the narrow issue remaining for trial on October 4th (the quantum of the defendants' counterclaim for reimbursement) and, thus, an immediate appeal would not materially advance the litigation towards termination.

B.  Fed.R.Civ.P. 54(b)

Gulf Coast alternatively urges the Court to enter a final judgment as to its determination that Louisiana law bars Gulf Coast from recovering commissions it earned without a real estate license.

When a court ruling resolves one or more, but fewer than all claims, Federal Rule of Civil Procedure 54(b) provides an avenue to appeal part of the suit; it provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Pursuant to this rule, the Court may permit an interlocutory appeal by expressly certifying that there is "no just reason for delay", and directing entry of a final judgment on the issue. In determining whether there is no just reason for delay, the Court should "take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980). However, the Court should grant certification only when there is some danger of hardship or injustice through delay that would be alleviated by an immediate appeal. Pyca Industries, Inc. v. Harrison County Wastewater Mgmt. Dis., 81 F.3d 1412, 1421 (5th Cir. 1996).

Gulf Coast insists that its claim to recover for the work it did for BG is a discrete claim that should be made final for immediate appeal. Gulf Coast suggests that requiring the parties to proceed with trial in October prior to appellate review of its claim would compromise judicial administrative interests and be inequitable for the parties because it could result in duplicative appeals. Gulf Coast further contends that the threat of piecemeal appeals is small. Gulf Coast invokes cases in which courts designated as final and certified for immediate appeal jurisdictional determinations and insists that the applicability of the real estate license law to its claims is a unique question of law that is ripe for immediate appeal.

The defendants counter that there is no danger of hardship or

injustice that would be alleviated by an immediate appeal because trial is only one month away and, once it is concluded, Gulf Coast may appeal all of the issues in the case. Moreover, because there is only the narrow issue of quantum of the defendants' counterclaim remaining for trial -- regardless of the ruling on appeal -- the parties will not have to retry the same factual issues in a second trial. On the other hand, the defendants contend, allowing an immediate appeal of this Court's summary judgment ruling will likely result in piecemeal appeals: if Gulf Coast appeals immediately, regardless of the outcome of the appeal, there will likely be another appeal after the trial of the remaining issues in the case. Accordingly, the defendants maintain that the plaintiff has failed to show that there is "no just reason for delay." The Court agrees. Discovery is complete and most of the case has already been litigated; only the trial remains and it involves only one narrow issue of resolving the quantum of the defendants' counterclaim and any defense that Gulf Coast may have. There is no suggestion that Gulf Coast will suffer hardship or injustice by waiting one more month to appeal this Court's summary judgment ruling.

Accordingly, the plaintiff's motion is DENIED.[1]

New Orleans, Louisiana, September 7, 2010.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds that an immediate appeal is not warranted, the Court need not address the plaintiff's accompanying request for a stay.